# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GIANT EAGLE, INC. and RISER FOODS COMPANY, )

    Plaintiffs, )

v. )

WATER TOWER SQUARE LIMITED PARTNERSHIP, et al. )

    Defendants and Third-Party Plaintiffs, )

v. )

THE CINCINNATI INSURANCE COMPANY )

    Third-Party Defendant. )

No. 1:26-cv-00698

JUDGE J. PHILLIP CALABRESE

**THIRD-PARTY DEFENDANT THE CINCINNATI INSURANCE COMPANY'S ANSWER TO THIRD-PARTY PLAINTIFFS WATER TOWER SQUARE LIMITED PARTNERSHIP, WATER TOWER CORPORATION, AND <u>CARNEGIE MANAGEMENT & DEVELOPMENT'S THIRD-PARTY COMPLAINT WITH JURY DEMAND</u>**

Third-Party Defendant the Cincinnati Insurance Company ("Defendant"), by and through its undersigned counsel, hereby Answer Third-Party Plaintiffs Water Tower Square Limited Partnership, Water Tower Corporation, and Carnegie Management & Development's (collectively, "Third-Party Plaintiffs") Third-Party Complaint as follows:

## PARTIES, BACKGROUND, AND JURISDICTION

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third-Party Complaint and, therefore, denies the same.

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third-Party Complaint and, therefore, denies the same.

3. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third-Party Complaint and, therefore, denies the same.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third-Party Complaint and, therefore, denies the same.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third-Party Complaint and, therefore, denies the same.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third-Party Complaint and, therefore, denies the same.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third-Party Complaint and, therefore, denies the same.

8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third-Party Complaint, and therefore denies the same.

9. As to the allegations contained in paragraph 9 of the Third-Party Complaint, Defendant admits only that the Complaint identified as the Court of Common Pleas for Cuyahoga

County, Ohio, Case No. CV-24-105323's Complaint (the "Wood Lawsuit") was filed as Exhibit 1 to the Complaint in this matter. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Third-Party Complaint and, therefore, denies the same.

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third-Party Complaint and, therefore, denies the same.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third-Party Complaint and, therefore, denies the same.

12. Admit.

13. Defendant admits it issued Policy No. EPP 0580783, policy period from June 15, 2022, to June 15, 2024 (the "Policy"), to Carnegie, with Carnegie and Water Tower Square Limited Partnership as named insureds. Defendant explicitly denies that Water Tower Corporation is a named insured. Defendant further states the document(s) speak for themselves. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Third-Party Complaint and, therefore, denies the same.

14. Defendant admits it received a letter from Giant Eagle counsel Daniel J. Stuart dated October 14, 2024. Defendant further states that the filing referenced in paragraph 14 of the Third-Party Complaint speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Third-Party Complaint and, therefore, denies the same.

15. Defendant admits its counsel, James H. Gordon issued a letter dated October 24, 2024 to Daniel J. Stewart. Defendant further states that the filing referenced in paragraph 15 of the Third-Party Complaint speaks for itself as does the contents of the letter dated October 24, 2024. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Third-Party Complaint and, therefore, denies the same.

16. Defendant admits its counsel, James H. Gordon issued a letter dated December 30, 2024 to Daniel J. Stewart. Defendant further states that the filing referenced in paragraph 16 of the Third-Party Complaint speaks for itself as does the contents of the letter dated December 30, 2024. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Third-Party Complaint and, therefore, denies the same.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third-Party Complaint and, therefore, denies the same.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third-Party Complaint and, therefore, denies the same.

19. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third-Party Complaint and, therefore, denies the same.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Third-Party Complaint and, therefore, denies the same.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third-Party Complaint and, therefore, denies the same.

22. The allegations set forth in paragraph 22 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 22 of the Third-Party Complaint are denied.

23. The allegations set forth in paragraph 23 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 23 of the Third-Party Complaint are denied.

24. Defendant admits the allegations set forth in paragraph 24 of the Third-Party Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Third-Party Complaint.

26. Defendant admits the allegations set forth in paragraph 26 of the Third-Party Complaint.

27. The allegations set forth in paragraph 27 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 27 of the Third-Party Complaint are denied.

28. The allegations set forth in paragraph 28 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 28 of the Third-Party Complaint are denied.

29. The allegations set forth in paragraph 29 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 29 of the Third-Party Complaint are denied.

30. The allegations set forth in paragraph 30 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 30 of the Third-Party Complaint are denied.

31. Defendant denies the allegations set forth in paragraph 31 of the Third-Party Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Third-Party Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Third-Party Complaint.

34. The allegations set forth in paragraph 34 of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 34 of the Third-Party Complaint are denied.

## **COUNT I**
(Declaratory Judgment)

35. As to paragraph 35 of the Third-Party Complaint, Defendant adopts and incorporate its responses to paragraphs 1 through 34 of the Third-Party Complaint. Defendant further states that it denies all allegations set forth in paragraph 35 of the Third-Party Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Third-Party Complaint.

37. As to paragraph 37 and its subparts, Defendant states the following:

    a. The allegations set forth in paragraph 37(a) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(a) of the Third-Party Complaint are denied.

b. The allegations set forth in paragraph 37(b) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(b) of the Third-Party Complaint are denied.

c. The allegations set forth in paragraph 37(c) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(c) of the Third-Party Complaint are denied.

d. The allegations set forth in paragraph 37(d) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(d) of the Third-Party Complaint are denied.

e. The allegations set forth in paragraph 37(e) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(e) of the Third-Party Complaint are denied.

f. The allegations set forth in paragraph 37(f) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(f) of the Third-Party Complaint are denied.

g. The allegations set forth in paragraph 37(g) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive

pleading is required, the allegations set forth in paragraph 37(g) of the Third-Party Complaint are denied.

h.  The allegations set forth in paragraph 37(h) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(h) of the Third-Party Complaint are denied.

i.  The allegations set forth in paragraph 37(i) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(i) of the Third-Party Complaint are denied.

j.  The allegations set forth in paragraph 37(j) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(j) of the Third-Party Complaint are denied.

k.  The allegations set forth in paragraph 37(k) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(k) of the Third-Party Complaint are denied.

l.  The allegations set forth in paragraph 37(l) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(l) of the Third-Party Complaint are denied.

m. The allegations set forth in paragraph 37(m) of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a responsive pleading is required, the allegations set forth in paragraph 37(m) of the Third-Party Complaint are denied

38. Defendant denies the allegations set forth in paragraph 38 of the Third-Party Complaint.

## COUNT II
(Breach of Contract)

39. As to paragraph 39 of the Third-Party Complaint, Defendant adopts and incorporate its responses to paragraphs 1 through 38 of the Third-Party Complaint.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Defendant denies each and every allegation in the Third-Party Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Third-Party Plaintiff's Third-Party Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant breached no duty owed to Third-Party Plaintiffs.

## THIRD DEFENSE

Defendant owed no duty to indemnify Third-Party Plaintiffs.

## FOURTH DEFENSE

The alleged damages do not fall within the coverage afforded in the Policy.

## FIFTH DEFENSE

Defendant did not breach any contractual duties.

## SIXTH DEFENSE

Third-Party Plaintiffs failed to mitigate their damages.

## SEVENTH DEFENSE

Third-Party Plaintiffs' claims are barred by their own breach of contract.

## EIGHTH DEFENSE

Third-Party Plaintiffs' claims are barred by contractual limitations contained in the Policy.

## NINTH DEFENSE

Third-Party Plaintiffs' claims are barred by their unclean hands.

## TENTH DEFENSE

Third-Party Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

## ELEVENTH DEFENSE

Defendant is entitled to set off and or contribution.

## TWELFTH DEFENSE

There is a lack of jurisdiction over the subject matter of Third-Party Plaintiffs' Third-Party Complaint.

## THIRTEENTH DEFENSE

Third-Party Plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

## FOURTEENTH DEFENSE

There is no coverage under the Policy because the claims in the Wood Lawsuit and the present lawsuit do not fall within the policy's insuring agreement.

## FIFTEENTH DEFENSE

Defendant has not waived nor is estopped from asserting any policy defenses, exclusions, conditions, limitations, or coverage positions. Defendant expressly reserved its rights and defenses, and no act, omission, communication, investigation, defense, payment, or participation in the underlying action constitutes waiver or estoppel.

## SIXTEENTH DEFENSE

Waiver and/or estoppel cannot be used to expand coverage under the Policy.

## SEVENTEENTH DEFENSE

Any determination regarding indemnity is premature and not ripe unless and until liability is imposed against the Third-Party Plaintiffs for covered damages in the Wood Lawsuit and the present lawsuit.

## EIGHTEENTH DEFENSE

Defendant is entitled to setoff and/or recoupment.

## NINETEENTH DEFENSE

Third-Party Plaintiffs' claims are barred, limited, or excluded, in whole or in part, by the terms, conditions, definitions, exclusions, endorsements, limitations, and other provisions of the Policy, all of which are incorporated by reference as though fully set forth herein.

## TWENTIETH DEFENSE

Third-Party Plaintiffs' claims are barred, limited, or reduced because one or more conditions precedent to coverage, defense, indemnity, reimbursement, or payment have not been satisfied.

## TWENTY-FIRST DEFENSE

Third-Party Plaintiffs' claims are barred, limited, or reduced to the extent any insured, claimant, or person seeking coverage failed to provide timely notice, timely tender, or timely forwarding of suit papers as required by the Policy and Defendant was prejudiced.

## TWENTY-SECOND DEFENSE

Third-Party Plaintiffs' claims are barred, limited or reduced to the extent any insured, claimant, or person seeking coverage failed to cooperate with Defendant, failed to provide requested information, failed to assist in the investigation or defense, or otherwise impaired Defendant's rights under the Policy.

## TWENTY-THIRD DEFENSE

Third-Party Plaintiffs' claims are batted, limited, or reduced to the extent they voluntarily made payments, incurred obligations, assumed liabilities, retained counsel, settled claims, or incurred defense costs without Defendant's authorization, consent, or opportunity to control the defense as required by the Policy.

## TWENTY-FOURTH DEFENSE

Third-Party Plaintiffs' claims are barred, premature, or limited to the extent the Policy's no-action provision or similar condition precludes suit against Defendants before full compliance with policy conditions and before liability has been determined by judgment, agreement, or covered settlement.

## TWENTY-FIFTH DEFENSE

Third-Party Plaintiffs' claims are barred, limited, or excluded to the extent the alleged lease-based indemnity, contribution, attorney-fee, defense, or reimbursement obligations do not constitute covered liability under the Policy, do not qualify as an "insured contract," or fall within any contractual-liability exclusion or limitation.

## TWENTY-SIXTH DEFENSE

Defendant has no duty to defend, indemnify, reimburse, or pay defense costs for any person or entity that does not qualify as an insured, additional insured, or other person entitled to coverage under the Policy.

## TWENTY-SEVENTH DEFENSE

Third-Party Plaintiffs lack standing, or lack a contractual or legal right, to seek defense, indemnity, reimbursement or declarations on behalf of nonparties, non-insureds, additional claimants, or any entity that is not entitled to coverage under the Policy.

## TWENTY-EIGHTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, because some requested declarations concern dismissed claims, hypothetical future claims, unadjudicated liabilities, or matters that are not ripe and do not present an actual case or controversy.

## TWENTY-NINTH DEFENSE

Third-Party Plaintiffs' claims are barred, limited, reduced, or subject to allocation by any other insurance, excess insurance, self-insured retention, deductible, priority-of-coverage provision, exhaustion requirement, or other available source of defense or indemnity.

## THIRTIETH DEFENSE

To the extent any damages, defense costs, fees, settlements, judgments, or other amounts

are sought, Defendant is liable, if at all (and Defendant explicitly denies any liability), only for amounts properly allocated to covered claims, covered parties, covered damages, covered periods, and covered occurrences, and not for any uncovered or non-covered amounts.

## THIRTY-FIRST DEFENSE

Third-Party Plaintiffs' claims for defense costs, attorney fees, expenses, or other amounts are barred, limited, or reduced to the extent such amounts were unreasonable, unnecessary, excessive, unrelated to covered claims, inadequately documented, voluntarily incurred, or not recoverable under the Policy or applicable law.

## THIRTY-SECOND DEFENSE

Third-Party Plaintiffs are not entitled to recover attorney fees, litigation expenses, costs, pre-judgment interest, post-judgment interest, or extra-contractual relief except to the extent expressly authorized by the Policy or applicable law.

## THIRTY-THIRD DEFENSE

Third-Party Plaintiffs' claims are barred, limited, or reduced because any alleged lease-based indemnity obligation did not impose an immediate, ongoing, or independent duty to defend or reimburse Giant Eagle's defense costs absent satisfaction of the applicable contractual and policy prerequisites.

## THIRTY-FOURTH DEFENSE

Third-Party Plaintiffs bear the burden of proving that their claims fall within the Policy's insuring agreement and that all conditions to coverage have been satisfied; Defendant denies that Third-Party Plaintiffs can meet that burden.

Defendant reserves the right to assert, amend, supplement, or rely on any additional policy defenses, exclusions, endorsements, conditions, limitations, or other defenses that become known through discovery, further policy review, or further development of the underlying facts.

**WHEREFORE**, Defendant, having fully answered the Third-Party Complaint, pray that the same be dismissed with prejudice, that Defendant be awarded its attorney's fees and costs in having to defend this matter and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ James H. Gordon
James H. Gordon (0068454)
Jeremy R. Kopp (0090577)
Jaimi L. Blakeman (0101
Lock Gordon Law Group
485 Metro Place South, Suite 420
Dublin, Ohio 43017
Ph: (215) 776-5068 (Gordon)
Email: jgordon@lockgordon.com
         jkopp@lockgordon.com
         jblakeman@lockgordon.com
*Counsel for Third-Party Defendant,*
*The Cincinnati Insurance Company*


## JURY DEMAND

Third-Party Defendant respectfully requests that the issues herein be tried before a jury.

/s/ James H. Gordon
James H. Gordon

**<u>CERTIFICATE OF SERVICE</u>**

I, James H. Gordon, counsel for Defendant The Cincinnati Insurance Company, do hereby certify that, on this date, July 17, 2026, a copy of the foregoing was filed and served via CM/ECF which will provide a notice and copy of the filing to all counsel of record.

By:   <u>/s/ James H. Gordon</u>
James H. Gordon, Esq.
*Counsel for Third-Party Defendant,*
*The Cincinnati Insurance Company*